

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8648

May 1, 2026

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

RE:  *Neguse v. U.S. Immigration & Customs Enforcement,*
     No. 26-5072

Dear Mr. Cislak:

The government respectfully writes, pursuant to Rule 28(j), concerning the Homeland Security and Further Additional Continuing Appropriations Act, 2026 (H.R. 7147), https://www.congress.gov/bill/119th-congress/house-bill/7147/text, which the President signed into law on April 30.

As the Court is aware, the plaintiff Members challenge a policy requiring that they provide advance notice before entering detention facilities operated by U.S. Immigration and Customs Enforcement (ICE).  The district court found that the policy was barred by Section 527 of the Continuing Appropriations Act, 2024, which limited ICE's ability to use certain appropriated funds to "prevent" members from entering such facilities.  In seeking a stay pending appeal, the government observed (among other things) that since February 13, 2026, ICE no longer had any funds subject to that restriction and was instead operating with funds appropriated by the One Big Beautiful Bill Act (OBBBA), which did not contain any such restriction.

H.R. 7147 appropriates funds to the Department of Homeland Security through September 30, 2026. Although that legislation includes (as Section 546) the restrictions previously imposed by Section 527, it appropriates no funds to ICE, which is therefore continuing to operate exclusively with funds appropriated by the OBBBA. Congressional leaders have indicated that they expect to make further appropriations to ICE through separate reconciliation legislation. *See, e.g.*, John Thune, *Thune on Republicans' Plan to Fund ICE and Border Patrol Through Reconciliation* (Apr. 16, 2026), https://perma.cc/GYL7-QMV6.

The upshot of these developments is that for nearly two months, ICE has been subject to a district court order purporting to enforce an appropriations rider governing the use of funds it no longer has. For that reason, as well as the numerous others set out in the government's emergency motion for a stay pending appeal, we again request that the Court stay the district court's order.

Sincerely,

*/s/ Steven A. Myers*
Steven A. Myers

cc:     All counsel